FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 07 2017 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
FEDIE R. REDD,

    Plaintiff,

        – against –

ZINA LEFTENANT, et al.,

    Defendants.
----------------------------------X

ORDER
16-CV-4919 (JFB) (SIL)

JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation ("R&R," ECF No. 30) from Magistrate Judge Locke advising the Court to (1) grant motions to dismiss (ECF Nos. 18, 21) filed by defendants Megan Rudy and Patricia Wright (the "County Defendants") and defendants Zina Leftenant, Jason Zimmer, Richard Samuel, and Raymond Horton (the "Freeport Defendants") pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6); (2) deny the Freeport Defendants' request for an injunction barring plaintiff from filing additional lawsuits; and (3) deny plaintiff leave to amend.

For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R and (1) dismisses plaintiff's federal claims with prejudice; and (2) declines to exercise supplemental jurisdiction over plaintiff's state law claims, which the Court dismisses without prejudice to re-filing in state court. In addition, the Court denies the Freeport Defendants' request for an injunction barring plaintiff from filing additional lawsuits.

## I. STANDARD OF REVIEW

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). When a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## II. ANALYSIS

In his R&R, Magistrate Judge Locke recommends that the Court grant the County Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) because the County Defendants are immune from suit under the Eleventh Amendment, and plaintiff's federal claims against them are barred by absolute prosecutorial immunity. With respect to the Freeport Defendants, the R&R advises that dismissal of the federal claims against defendant Leftenant is warranted under Federal Rule of Civil Procedure 12(b)(2) due to inadequate service. In addition,

Magistrate Judge Lock recommends dismissal of the federal claims against the Freeport Defendants based on collateral estoppel.

Further, the R&R states that plaintiff's 42 U.S.C. § 1983 ("Section 1983") and 42 U.S.C. § 1985(3) ("Section 1985") claims against all defendants are time-barred and therefore subject to dismissal, and that the Section 1985 claims fails to state a cause of action under Federal Rule of Civil Procedure 12(b)(6) because plaintiff does not allege that defendants acted with any racial, class-based, or otherwise cognizable discriminatory animus. Moreover, Magistrate Judge Locke recommends dismissal of plaintiff's claim for an expungement of her criminal record for failure to join necessary New York State actors.

Finally, the R&R advises that the Court (1) decline to exercise supplemental jurisdiction over plaintiff's state law claims in the absence of any viable federal claims; (2) deny the Freeport Defendants' alternative motion for a more definitive pleading pursuant to Federal Rule of Civil Procedure 12(e); (3) deny the Freeport Defendants' request for an injunction barring plaintiff from filing additional lawsuits; and (4) deny plaintiff leave to amend.

Plaintiff thereafter filed timely objections to the R&R on August 15, 2017 ("Pl.'s Objs.," ECF No. 33) and the County Defendants filed a response on August 30, 2017 (ECF No. 33). For the reasons explained below, and after *de novo* review of the R&R, the Court adopts Magistrate Judge Locke's R&R and the recommendations contained therein.

### A. Time-Barred Federal Claims

Having reviewed plaintiff's objections, the relevant law, and the R&R, the Court agrees with Magistrate Judge Locke's that plaintiff's federal claims under Sections 1983 and 1985 are time-barred. In her objections, plaintiff argues, as she did in his original briefing papers, that she satisfied the limitations requirement by commencing suit in state court. (Pl.'s Objs. at 7-8.) This

3

argument was squarely presented to Magistrate Judge Locke, and the Court agrees that it lacks merit.

There exists no federal statute of limitations for Section 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985), *superseded by statute on other grounds as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-81 (2004). "[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In New York, Section 214 of the New York Civil Practice Law and Rules sets forth a three year statute of limitations for actions "to recover upon a liability, penalty or forfeiture created or imposed by statute." N.Y. C.P.L.R. § 214(2). New York law also determines "whether the limitations period has been tolled, unless state tolling rules would 'defeat the goals' of section 1983." *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007) (citing *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002)). Federal law determines when such claims accrue, and the Second Circuit has held that accrual of a Section 1983 claim occurs when the plaintiff "knows or has reason to know of the injury which is the basis of his action." *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980); *see also Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) ("A Section 1983 claim ordinarily accrues when the plaintiff knows or has reason to know of the harm." (internal citation omitted)). Although the statute of limitations is an affirmative defense, it "may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998) (citing, *inter alia*, *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989)). A Section 1985 claim also has a three-

year limitations period and accrues "once the plaintiff knows or has reason to know of the injury which is the basis of his action." *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994).

Here, the gravamen of plaintiff's Section 1983 and 1985 claims is that she was falsely arrested on February 5, 2010 and that defendants provided false testimony and evidence during a New York State arbitration proceeding on May 17, 2010. (Compl., ECF No. 1, at 15.) Thus, plaintiff's injuries arose more than three years prior to the commencement of this action on September 9, 2016, and her federal claims are, therefore, barred by the applicable statute of limitations.

1. Equitable Tolling

Although plaintiff did not specifically raise the issue of equitable tolling in her objections to the R&R, she did so in her opposition to defendants' motions. (Pl.'s Opp'n Br., ECF No. 25, at 13.) Accordingly, the Court addresses that argument *de novo* and concludes that it lacks merit.

With respect to equitable tolling in Section 1983 actions, it is well-settled that federal courts also should borrow the forum state's tolling rules. *See Pearl*, 296 F.3d at 80 (citing *Board of Regents v. Tomanio*, 446 U.S. 478, 484-86 (1980)); *accord Keating v. Carey*, 706 F.2d 377, 381 (1983). As the Second Circuit has explained, New York courts have adopted the same equitable tolling doctrine that exists under federal law. *Keating*, 706 F.2d at 382. "Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances." *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996). Thus, the Second Circuit "has applied the doctrine 'as a matter of fairness' where a plaintiff has been 'prevented in some extraordinary way from exercising his rights, or h[as] asserted his rights in the wrong forum.'" *Johnson*, 86 F.3d at 12 (quoting *Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir. 1985)). However, "[e]quitable tolling requires a party to pass with reasonable diligence

5

through the period it seeks to have tolled." *Johnson*, 86 F.3d at 12. For example, under the equitable tolling doctrine, "when the defendant fraudulently conceals the wrong, the time does not begin running until the plaintiff discovers, or by the exercise of reasonable diligence should have discovered, the cause of action." *Keating*, 706 F.2d at 382.

In the instant case, there is absolutely no basis to apply the doctrine of equitable tolling. Plaintiff was clearly aware of defendants' alleged violations because, by her own admission, she commenced several lawsuits in New York State court[1]—including an Article 75 proceeding seeking vacatur of an arbitral award and an action in Supreme Court, Nassau County alleging, *inter alia*, false arrest. Under these circumstances, the Court finds that plaintiff failed to act with reasonable diligence in pursuing her claims during the three-year period and, therefore, that there are no grounds for equitable tolling. *See, e.g., Nicolosi v. City of New York*, No. 04 Civ. 00082(DAB), 2006 U.S. Dist. LEXIS 84474, at *11, 2006 WL 3392736 (S.D.N.Y. Nov. 20, 2006) (dismissing Section 1983 claims as time-barred and finding no basis for equitable tolling); *Mitchell v. Bell*, No. 9:04-CV-1490, 2006 WL 3043126, at *5 (N.D.N.Y. Oct. 23, 2006) ("Since plaintiff filed two other lawsuits in 2001, plaintiff was clearly not prevented from asserting his rights during the statute of limitations period for his April, 2000 claims. . . . Thus, this court finds that equitable tolling does not apply, and any claims relating to the April 2000 disciplinary hearing may be dismissed based on the statute of limitations."). As the Second Circuit has noted, "[t]hough

---

[1] To the extent these actions and the filings therein are not referenced in plaintiff's complaint, the appendices thereto, or plaintiff's opposition papers, the Court takes judicial notice of them, which it is permitted to do on a motion to dismiss. *See Jacobs v. Law Offices of Leonard N. Flamm*, No. 04 Civ. 7607(DC), 2005 WL 1844642, at *3 (S.D.N.Y. July 29, 2005) ("In cases where some of those factual allegations have been decided otherwise in previous litigation, however, a court may take judicial notice of those proceedings and find that plaintiffs are estopped from re-alleging those facts.").

plaintiffs might find the result harsh, the 'harshness . . . is largely a self-inflicted wound.'" *Johnson*, 86 F.3d at 13 (citations omitted).

**B. Immunity**

Even assuming that plaintiff's Section 1983 and 1985 claims were not time-barred, plaintiff could not assert them against the County Defendants because they are barred by the Eleventh Amendment, and the County Defendants enjoy absolute prosecutorial immunity under the circumstances of this case.

1. Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "The reach of the Eleventh Amendment has . . . been interpreted to extend beyond the terms of its text to bar suits in federal courts against states, by their own citizens or by foreign sovereigns. . . ." *State Employees Bargaining Agent Coalition v. Rowland*, 494 F.3d 71, 95 (quoting *W. Mohegan Tribe & Nation v. Orange County*, 395 F.3d 18, 20 (2d Cir.2 004)) (alterations in original). Thus, absent a state's consent to suit or an express statutory waiver, the Eleventh Amendment bars federal court claims against states. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity also extends to suits against state officers in their official capacities. *See id.* at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself."); *McNamara v. Kaye*, No. 06–CV–5169 (DLI)(CLP), 2008 WL 3836024, at *8 (E.D.N.Y. Aug. 13, 2008) ("[L]awsuits against state officers

acting [in] their official capacity and lawsuits against state courts are considered to be lawsuits against the state.").

Here, the County Defendants are state officers by virtue of their role as state prosecutors. *See Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir.1997) (affirming dismissal of claims against current and former Kings County District Attorneys and Assistant District Attorneys on Eleventh Amendment grounds); *McCray v. City of N.Y.*, Nos. 03 Civ. 9685(DAB), 03 Civ. 9974(DAB), 03 Civ. 10080(DAB), 2007 WL 4352748, at *12 (S.D.N.Y. Dec. 11, 2007) ("'When prosecuting a criminal matter, a district attorney in New York represents the state, not the county.'" (quoting *Alvarez v. Doe*, No. 03 Civ. 7740, 2004 WL 1874972, at *4 (S.D.N.Y. Aug. 13, 2004))). Thus, because the County Defendnats are state officers and because New York state has not waived its sovereign immunity for suits under Section 1983, these defendants are immune from suits in their official capacity. *See Watanmaker v. Clark*, No. 09-CV-3877 JFB ARL, 2010 WL 3516344, at *6-7 (E.D.N.Y. Aug. 31, 2010).

The cases plaintiff cites in her objections are irrelevant or unhelpful to her. (*See* Pl.'s Objs. at 2-3.) *Hernandez v. Keane*, 341 F.3d 137 (2d Cir. 2003), affirmed dismissal of a Section 1983 action against various defendants and did not address Eleventh Amended immunity. *Sheff v. City of New York*, No. 03 CIV.708 DLC, 2004 WL 594894, at *5 (S.D.N.Y. Mar. 24, 2004), affirmed dismissal of Section 1983 claims against New York State prosecutors pursuant to the Eleventh Amendment because the plaintiff in that case sued those defendants in their official capacities. However, the court held that with respect "to issues concerning 'the administration of the district attorney's office,' the district attorney is treated as a municipal official and not as a state official," and "[t]o the extent the claims against the DA and the ADAs concern the administration of the DA's office, they will be considered as filed against the City." *Id.* at *4-5. Here, in contrast,

8

plaintiff has not sued any municipal entity, and in any event, she has not made any allegations concerning the County Defendants outside their official role as prosecutors.

2. Absolute Immunity

In addition to being immune from suit under the Eleventh Amendment, the County Defendants are also shielded by absolute prosecutorial immunity.

"'It is by now well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983.'" *Crews v. County of Nassau*, No. 06-CV-2610 (JFB)(WDW), 2007 WL 4591325, at *13 (E.D.N.Y. Dec. 27, 2007) (quoting *Shmueli v. City of N.Y.*, 424 F.3d 231, 236 (2d Cir. 2005)). "Prosecutorial immunity from § 1983 liability is broadly defined, covering 'virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate.'" *Hill v. City of N.Y.*, 45 F.3d 653, 661 (2d Cir. 1995) (quoting *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994)). For example, in *Hill*, the Second Circuit held that an Assistant District Attorney's alleged acts of, *inter alia,* "conspiring to present falsified evidence to, and to withhold exculpatory evidence from, a grand jury" were "clearly protected by the doctrine of absolute immunity as all are part of his function as an advocate." *Id.* at 661. On the other hand, "[w]hen a district attorney functions outside his or her role as an advocate for the People, the shield of immunity is absent. Immunity does not protect those acts a prosecutor performs in administration or investigation not undertaken in preparation for judicial proceedings." *Hill*, 45 F.3d at 661; *see also Carbajal v. County of Nassau*, 271 F. Supp. 2d 415, 421 (E.D.N.Y. 2003) ("[W]hen a prosecutor supervises, conducts, or assists in the investigation of a crime, or gives advice as to the existence of probable cause to make a warrantless arrest—that is, when he performs functions normally associated with a police investigation—he loses his absolute protection from liability."). "In determining whether

absolute immunity obtains, [courts] apply a 'functional approach,' looking to the function being performed rather than to the office or identity of the defendant." *Hill,* 45 F.3d at 660 (quoting *Buckley v. Fitzsimmons,* 509 U.S. 259, 269 (1993)).

Here, Magistrate Judge Locke properly concluded that absolute prosecutorial immunity applies to the County Defendants because plaintiff alleges that they "conspired, failed to turn over Brady materials, and maliciously prosecuted her in her underlying criminal proceeding. It is well settled that prosecutors are immune from malicious prosecution actions and are entitled to absolute immunity when, during a prosecution, they present false evidence to the Court or exert influence over a defendant's guilty plea." (R&R at 15 (citing *Peay v. Ajello,* 470 F.3d 65, 67-68 (2d Cir. 2006).) Further, "[a]bsolute immunity even protects a prosecutor against claims for allegedly conspiring to present false evidence at a criminal trial." (*Id.* at 16 (quoting *Dory v. Ryan,* 25 F.3d 81, 83 (2d Cir. 1994).) In response, plaintiff contends that Magistrate Judge Locke gave the County Defendants "an illegal pass by stating they can violate the Law due to absolute immunity as State actors" and cites *Higgs v. District Court in and for Douglas County,* 713 P.2d 840 (Colo. 1985), which held that prosecuting attorneys do not enjoy absolute immunity for actions taken in conjunction with investigating a crime. (Pl.'s Objs. at 2.) However, it is clear from the face of the complaint that plaintiff is challenging the County Defendants' handling of plaintiff's prosecution (Compl. at 12-13); thus, *Higgs* is irrelevant and absolute immunity bars plaintiff's claims against the County Defendants.

### C. Collateral Estoppel

Magistrate Judge Locke also concluded that the doctrine of collateral estoppel bars all of plaintiff's claims against the Freeport Defendants, and the Court agrees.

"A court may dismiss a claim on *res judicata* or collateral estoppel grounds on a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment." *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 168 (E.D.N.Y. 2010), *aff'd*, 446 F. App'x 360 (2d Cir. 2011). "[C]ollateral estoppel . . . means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Leather v. Eyck*, 180 F.3d 420, 424 (2d Cir. 1999) (quoting *Schiro v. Farley*, 510 U.S. 222, 232 (1994)). "Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979) (footnote omitted). "Under New York law, collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007). "The party seeking the benefit of collateral estoppel bears the burden of proving the identity of the issues, while the party challenging its application bears the burden of showing that he or she did not have a full and fair opportunity to adjudicate the claims involving those issues." *Khandhar v. Elfenbein*, 943 F.2d 244, 247 (2d Cir. 1991) (citing *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449 (1985)). Collateral estoppel generally does not include a requirement that the party against whom the plaintiff litigated in the prior proceeding be the same party they litigate against in the current proceeding. *See United States v. Mendoza*, 464 U.S. 154, 158 (1984); *see also Amadasu v. Bronx Lebanon Hosp. Ctr.*, No. 03 Civ. 6450 (LAK) (AJP), 2005 WL 121746, at *8 (S.D.N.Y. 2005) ("[T]he doctrine of collateral

estoppel does not require that the same parties are named in the earlier action in order to apply to the instant action.").

With respect to the first element—identity of issues—the advancing party must show that "the issue to be decided in the second action is material to the first action or proceeding and essential to the decision rendered therein, and that it is the point actually to be determined in the second action or proceeding such that 'a different judgment in the second would destroy or impair rights or interests established by the first.'" *D'Andrea v. Hulton*, 81 F. Supp. 2d 440, 443 (W.D.N.Y. 1999) (quoting *Schuykill Fuel Corp. v. B. & C. Nieberg Realty Corp.*, 250 N.Y. 304, 307 (1929)). As to the second element—full and fair opportunity to litigate—courts generally consider the following factors: "the nature of the forum and the importance of the claim in the prior litigation, the incentive and initiative to litigate and the actual extent of the litigation, the competence and expertise of counsel, the availability of new evidence, the differences in the applicable law, and the foreseeability of future litigation." *Goodson v. Sedlack*, 212 F. Supp. 2d 255, 257 (S.D.N.Y. 2002) (Lynch, J.) (quoting *Ryan v. New York Telephone Co.*, 62 N.Y.2d 494, 501 (1984)). "The mere fact that the plaintiff proceeded *pro se* does not sufficiently establish that he was denied a full and fair opportunity to be heard." *Wright v. Coughlin*, No. 85 CIV. 0624 (LBS), 1987 WL 19633, at *2 (S.D.N.Y. Nov. 5, 1987), *aff'd*, 868 F.2d 1268 (2d Cir. 1988).\

Here, Magistrate Judge Locke found that collateral estoppel barred plaintiff's federal claims against the Freeport Defendants based on (1) an arbitral decision affirming plaintiff's termination by the New York State Division of Parole following her arrest, which was in turn affirmed by the Supreme Court, New York County and the Appellate Division, First Department after plaintiff commended an Article 75 proceeding in state court; (2) a decision by the Appellate Division, Third Department affirming the Unemployment Insurance Appeal Board's denial of

plaintiff's application for unemployment benefits; and (3) a decision by the Supreme Court, Nassau County dismissing a lawsuit filed by plaintiff seeking damages arising out of her arrest on the ground of collateral estoppel.[2] (R&R at 22-23.) Magistrate Judge Locke found that

> [t]here can be no real dispute here that the issues that comprise the basis for Plaintiff's current litigation are identical to those previously raised in her state court proceedings. As described above, Plaintiff's previous actions assert claims premised upon the issue of whether the County Defendants had probable cause to effectuate her arrest. This is precisely the underlying issue Plaintiff seeks to litigate here. Thus, the Court would be unable to grant Plaintiff relief on any of her asserted causes of action, which emanate from her alleged false arrest, without making findings directly contrary to those made in her previous state court proceedings.

(R&R at 23.) Moreover, he determined that "Plaintiff also had a full and fair opportunity to contest the previous decisions regarding her alleged false arrest" because she was represented by counsel during the arbitration proceeding, and "the procedures of the administrative hearing were quantitatively and qualitatively sufficient as to provide 'confidence that the facts asserted were adequately tested, and that the issue was fully aired.'" (*Id.* at 24.)

In response, plaintiff contends that the availability of new evidence and her arbitral attorney's unfamiliarity with criminal matters precludes application of collateral estoppel here. (Pl.'s Objs. at 4-5.) However, the "new evidence" proffered by plaintiff in connection with her complaint and her opposition to defendants' motions all existed prior to the instant action, and indeed, plaintiff apparently filed several of her exhibits during her Nassau County lawsuit. (*See* ECF No. 25-3; *see also* ECF No. 25-2 (plaintiff's declaration listing exhibits submitted in support of her opposition brief.) In other words, plaintiff has not uncovered any new materials that were not available to her during her prior state court proceedings. *Cf. Charter Oak Fire Ins. Co. v.*

---

[2] The Appellate Division, Second Department recently affirmed the latter decision, holding that "the Supreme Court properly granted the defendant's motion to dismiss the complaint on the ground that the action was barred by collateral estoppel." *Redd v. Vill. of Freeport*, 53 N.Y.S.3d 692, 693 (App. Div. 2d Dep't 2017).

13

*Electrolux Home Prod., Inc.*, 882 F. Supp. 2d 396, 403 (E.D.N.Y. 2012) (holding that collateral estoppel did not apply where plaintiff obtained new evidence "through its own investigations and motions to compel since the date judgment was entered" in the prior proceeding). Moreover, plaintiff has not carried her burden in showing that her arbitral counsel was not competent to represent her in the arbitration proceeding, which was not a criminal action. Plaintiff claims that he was "not one versed in criminal matters, but one versed in contractual matters; interpretation of employment contracts for New York City School Teachers, not Parole Officers, who was assigned to represent Plaintiff, because the Plaintiff is poor" (Pl.'s Objs. at 4); however, plaintiff has not shown that her counsel's alleged incompetence or any other aspect of the arbitration proceeding prevented her from receiving a fair hearing.[3]

Thus, plaintiff's federal claims against the Freeport Defendanst are barred by collateral estoppel.

### D. Other Issues

In light of this Court's conclusion that plaintiff's federal claims are barred by (1) the statute of limitations; (2) as to the County Defendants, Eleventh Amendment and absolute prosecutorial immunity; and (3) as to the Freeport Defendants, collateral estoppel, the Court need not, and does not, address Magistrate Judge Locke's additional determinations that (1) there is no personal jurisdiction over defendant Leftenant due to improper service; (2) plaintiff's Section 1985 claim fails to state a cause of action; (3) plaintiff's claim for expungement of her state criminal record fails to state a cause of action for failure to join a necessary New York State party; and (4) the

---

[3] As the R&R notes (R&R at 24 n.3), to the extent that plaintiff asks this Court to review any of the prior state court judgments, the *Rooker-Feldman* doctrine precludes such a challenge. *See Wolf v. Town of Southampton*, No. 12-CV-05166 JFB AKT, 2013 WL 4679672, at *4-6 (E.D.N.Y. Aug. 30, 2013).

Freeport Defendants' alternative Rule 12(c) motion for clarification of the pleadings should be denied. In addition, the Court agrees with Magistrate Judge Locke that a permanent injunction precluding further lawsuits by plaintiff is not warranted at this time given that plaintiff has never before commenced an action in this Court "involving the same nucleus of operative facts." *Valle v. YMCA of Greater New York*, No. 06-CV-2083(NGG), 2007 WL 2126269, at *2 (E.D.N.Y. July 24, 2007) (citing *Malley v. N.Y.C. Bd. of Educ.*, 112 F.3d 69, 69 (2d Cir. 1997)). Further, "courts generally do not issue such an injunction without giving a plaintiff prior warning that such an injunction would be issued if [s]he continued to file frivolous actions." *Id.* (citing *Hoffenberg v. Hoffman & Pollok*, 288 F. Supp. 2d 527, 539-40 (S.D.N.Y. 2003)).

### E. Supplemental Jurisdiction

The Court accepts Magistrate Judge Locke's recommendation to decline supplemental jurisdiction over plaintiff's state law claims.

Having determined that plaintiff's federal claims do not survive defendants' motions to dismiss, the Court concludes that retaining jurisdiction over any state law claims is unwarranted. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). "In the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should 'abstain from exercising pendent jurisdiction.'" *Birch v. Pioneer Credit Recovery, Inc.*, No. 06-CV-6497T, 2007 WL 1703914, at *5 (W.D.N.Y. June 8, 2007) (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986)). Therefore, in the instant case, the Court, in its discretion, "'decline[s] to exercise supplemental jurisdiction'" over plaintiff's state law claims because "it 'has dismissed all claims over which it has original jurisdiction.'" *Kolari v. N.Y--Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28

U.S.C. § 1367(c)(3)); *see also Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("We have already found that the district court lacks subject matter jurisdiction over appellants' federal claims. It would thus be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction."); *Karmel v. Claiborne, Inc.*, No. 99-CV-3608 (WK), 2002 WL 1561126, at *4 (S.D.N.Y. July 15, 2002) ("Where a court is reluctant to exercise supplemental jurisdiction because of one of the reasons put forth by § 1367(c), or when the interests of judicial economy, convenience, comity and fairness to litigants are not violated by refusing to entertain matters of state law, it should decline supplemental jurisdiction and allow the plaintiff to decide whether or not to pursue the matter in state court.").

Accordingly, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to retain jurisdiction over the remaining state law claims against defendants given the absence of any federal claim that survives the motions to dismiss, and it dismisses plaintiff's state law claims without prejudice to re-filing in state court.

### F. Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that a party shall be given leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). "Leave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002); *see Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998) (finding that leave to amend may be denied based upon the "futility of amendment"). The Second Circuit has held that "a *pro se* litigant in particular 'should be afforded every reasonable opportunity to demonstrate that he has a valid claim.'" *Dluhos v.*

*Floating & Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998) (*quoting Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984)). Nevertheless, even in the case of a *pro se* plaintiff, "[i]t is axiomatic that leave to amend need not be granted if to do so would be futile." *Cruz v. Garden of Eden Wholesale, Inc.*, 12 CIV. 5188 BMC MDG, 2012 WL 5386046 (E.D.N.Y. 2012). As to futility, "leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim, *i.e.*, if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief." *Milanese v. Rust–Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)).

Here, the defects in plaintiff's complaint are substantive and jurisdictional and cannot be cured through better pleading. Accordingly, the Court denies plaintiff leave to amend and dismisses her federal claims with prejudice.

### III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Court adopts the R&R and its recommendations. Accordingly, defendants' motions to dismiss are granted, and plaintiff's federal claims are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over any remaining state law claims and dismisses those without prejudice to re-filing in state court. The Clerk of Court shall enter judgment accordingly and close the case.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: September 7, 2017
Central Islip, NY